110 F.3d 65
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David MacLLOYD, Defendant-Appellant.
 No. 96-1042.
 United States Court of Appeals, Sixth Circuit.
 April 2, 1997.
 
 Before: LIVELY, NELSON and MOORE, Circuit Judges.
 PER CURIAM.
 
 
 1
 This appeal from a jury conviction raises two sentencing issues: (1) whether the district court properly treated the defendant's activities embraced in a count for which he was acquitted as "relevant conduct"; and (2) whether the district court properly increased the defendant's base offense level because the defendant acted as "the organizer of criminal activity." After careful consideration of the record and the briefs and oral arguments of counsel, we affirm the sentence imposed by the district court.
 
 
 2
 Shortly after beginning work as a part-time bank teller in January 1993, MacLloyd began withdrawing money from the account of a customer, Millard Hayes. By April 30, 1993, MacLloyd had made unauthorized withdrawals totaling $3,000 from the Hayes account. During the next few months Mr. Hayes's account suffered a further unauthorized reduction of $74,803. After pleading guilty, an acquaintance of MacLloyd's named Anthony Alford testified at the defendant's trial that MacLloyd encouraged and assisted him in making eleven withdrawals from the Hayes account--the final $74,803--and that he split the money with the defendant after each transaction. Alford testified that the defendant gave him a xerox copy of Hayes's signature card and told him to memorize the information on the card and to learn to forge Hayes's signature.
 
 
 3
 Alford also testified that he stole two blank money orders from the drug store where he was working, imprinted them for $300 each and gave them to MacLloyd. MacLloyd then deposited the money orders into his own account at the bank where he worked and withdrew the funds the following day.
 
 
 4
 A federal grand jury indicted MacLloyd and Alford as follows: count one charged MacLloyd alone with embezzling $3,000 from Hayes's account in violation of 18 U.S.C. § 656; count two charged MacLloyd and Alford with aiding and abetting each other in bank fraud (involving the $74,803 withdrawn by Alford) in violation of 18 U.S.C. §§ 1344 and 2; count three charged both men with aiding and abetting each other in the money order fraud in violation of 18 U.S.C. §§ 500 and 2. A jury convicted MacLloyd on the first and third counts but acquitted him on the second count.
 
 
 5
 A Presentence Investigation Report (PIR) filed with the district court set a base offense level of 4 for MacLloyd under United States Sentencing Guidelines (U.S.S.G.) § 2B1.1(a) (1994). Because the total amount of the embezzlement, including the acquitted conduct under count two, equaled $77,803, the PIR added eight levels to the base offense level pursuant to U.S.S.G. § 2B1.1(b)(1)(I). The PIR added two additional levels because the offense involved more than minimal planning, U.S.S.G. § 2B1.1(b)(5)(A), and two levels because the defendant acted as the "organizer of criminal activity," U.S.S.G. § 3B1.1(c). Based on the resulting total offense level of 16, the district court sentenced the defendant to serve 27 months of incarceration followed by three years of supervised release; to pay the bank where he worked restitution of $3,600; and to pay a special assessment of $100. In imposing this sentence, the district court held that the acquitted conduct in count two should be considered as "relevant conduct" for purposes of the sentencing guidelines but not for purposes of restitution.
 
 
 6
 We reject MacLloyd's argument that the criminal activities charged in count two, of which he was acquitted, cannot be treated as relevant conduct for sentencing purposes. This court has held on several occasions that a district court may include acquitted conduct in the calculation of a defendant's total offense level when a preponderance of the evidence in the record supports the trial court's finding. See United States v. Spears, 49 F.3d 1136, 1142-43 (6th Cir.1995); United States v. Milton, 27 F.3d 203, 208-09 (6th Cir.1994), cert. denied, 115 S.Ct. 741 (1995) ("This circuit clearly allows district courts to consider acquitted conduct at sentencing."). In the present case the district court found unequivocally that the government had established the defendant's guilt on count two by at least a preponderance of the evidence and that the conduct charged in this count should be treated as "relevant conduct" for sentencing purposes. We find no inconsistency in the district court's consideration of the acquitted conduct in imposing the sentence of incarceration but not ordering restitution for the amount embezzled by Alford at MacLloyd's direction. The Victim Witness Protection Act, under which restitution was ordered, does not include a "relevant conduct" provision. See 18 U.S.C. § 3663. Thus, the district court properly declined to order the defendant to pay restitution for the acquitted conduct.
 
 
 7
 With regard to the second issue on appeal, the district court's finding that MacLloyd was the organizer of the bank fraud scheme is not clearly erroneous; rather, it is supported by the evidence. Alford testified that MacLloyd devised the plan, approached him (Alford) about it and provided the necessary copy of Hayes's signature card, and instructed him on how to make withdrawals from the Hayes account. The district court did not err in assessing a two-level increase under U.S.S.G. § 3B1.1(c).
 
 
 8
 The judgment of the district court is AFFIRMED.